Sparx Logistics Hong Kong Ltd. v Shoez, Inc. (2024 NY Slip Op 00990)

Sparx Logistics Hong Kong Ltd. v Shoez, Inc.

2024 NY Slip Op 00990

Decided on February 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2024

Before: Kern, J.P., Gesmer, Shulman, Rodriguez, Rosado, JJ. 

Index No. 650884/17 Appeal No. 1748 Case No. 2023-04109 

[*1]Sparx Logistics Hong Kong Ltd. et al., Plaintiffs-Respondents-Appellants,
v
Shoez, Inc., et al., Defendants-Appellants-Respondents, GIF Services, Inc. et al., Defendants.

Mandelbaum Barrett, PC, New York (Andrew R. Bronsnick of counsel), for appellants-respondents.
Lazarus & Lazarus P.C., New York (Harlan M. Lazarus of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered July 10, 2023, which, to the extent appealed from as limited by the briefs, following a bench trial, awarded plaintiffs $300,000 on their unjust enrichment claim, unanimously affirmed, with costs.
The parties did not appeal the 2021 order granting summary judgment on plaintiff's claims for unjust enrichment, and we accordingly do not reach the merits of that order.
Based on the evidence submitted at trial, the court appropriately found that the amount of defendants' unjust enrichment was $300,000, the amount plaintiffs paid to settle the action brought against them by nonparty Habib Bank Zurich (Hong Kong) Limited. Plaintiffs' argument that they are entitled to higher damages based on the total amount they invoiced for the sale of the goods at issue by defendants to downstream customers is unpersuasive. While sometimes "a defendant's unjust gains" may be used "as a proxy for compensatory damages," such accounting "is not in lieu of . . . damages, but is a method of computing damages. . . . Such a computation of damages may be appropriate where a plaintiff's actual losses cannot be traced with even approximate precision" (E.J. Brooks Co. v Cambridge Sec. Seals, 31 NY3d 441, 450 [2018] [internal quotation marks omitted]). Here, plaintiffs' settlement expense is known to be $300,000.
We reject defendants' argument that damages should be set lower because they had claimed setoffs against the seller of the goods. Defendants have not established that measuring damages against the $300,000 in liability that was found to be extinguished, which might account for setoffs, is not lacking reasonable certainty in these circumstances, including that they invoiced their downstream customers a higher amount for the goods.
The trial court correctly set December 8, 2018 as the accrual date. "Interest shall be computed from the earliest ascertainable date the cause of action existed" (CPLR 5001[b]). The unjust enrichment claim did not exist merely from plaintiffs' demand for the original bills of lading in 2016. The purported harm was completed when they settled and "did not have the use of the money" given to Habib Bank (Pioneer Food Stores Co-op, Inc. v Brokerage Surplus Corp., 70 AD2d 542 [1st Dept 1979]).
We have considered defendants' remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2024